# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                  CRIMINAL No. 94-0747 LH

DENNIS RAY JONES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's letter, dated April 7, 2015, which is construed as Defendant's Motion to Reduce Sentence (ECF No. 108), filed April 13, 2015; the United States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582 (ECF No. 112), filed October 4, 2015; and Defendant's Motion for an Order of Eligibility for a Reduced Sentence Under 18 U.S.C. § 3582 (ECF No. 114), filed October 14, 2015. Counsel for Defendant was appointed on June 11, 2015. Having reviewed the Motions, the record in this matter, and the relevant law, and otherwise being fully advised, the Court finds that the government's Motion is well taken and will be **granted** and Defendant's Motions are not well taken and will be **denied**.

Defendant maintains that in determining a reduction in his sentence the Court should reduce his original offense level, as determined by the 1994 edition of the Guidelines Manual, by the two-level decrease incorporated into Amendment 782. This is incorrect. Rather,

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines . . . had been in effect

> at the time the defendant was sentenced. . . . [T]he court *shall substitute . . . the amendments* . . . for the corresponding guideline provisions that were applied when the defendant was sentenced . . . .

U.S.S.G. § 1B1.10(b)(1) (emphasis added).

Applying Amendment 782, Defendant's base offense level is 36, which with a two level increase for possession of a firearm results in a total offense level of 38. This is the same total offense level determined at Defendant's original sentencing, and with a criminal history category of III, it results in the same guideline sentencing range of 292 to 365 months imprisonment.

Thus, application of Amendment 782 does not lower the sentencing range applicable to Defendant and the Court does not have jurisdiction to reduce his sentence. *See, e.g., United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014) ("As the plain language of the statute makes clear, a 'district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally 'sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission.'" (emphasis in original)).

WHEREFORE,

**IT IS HEREBY ORDERED** that the United States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582 (ECF No. 112), filed October 4, 2015; is **GRANTED** and Defendant's Motion for an Order of Eligibility for a Reduced Sentence Under 18 U.S.C. § 3582 (ECF No. 114), filed October 14, 2015, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reduce Sentence (ECF No. 108), filed April 13, 2015, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**